# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ASSAM MANSURI TARIF ) | |
| IRA WAYNE HOWARD a/k/a ) | |
| ) | NO. 3:06-1067 |
| Movant, ) | JUDGE HAYNES |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

Movant, Ira Wayne Howard, filed this motion (Docket Entry No. 9) under 28 U.S.C. § 2255 seeking to vacate his convictions for a felon in possession of a firearm and possession of a firearm in relation to drug trafficking offense. Movant entered a guilty plea to each offense under a plea agreement. Given his prior convictions, Movant qualified as an armed career criminal and received a sentence of 180 months with a consecutive sentence of sixty (60) months on the related drug offense for a total sentence of 240 months.

Movant asserts claims for ineffective assistance of counsel for defense counsel's failure to recognize and challenge an Armed Career Criminal enhancement; failure to investigate Movant's mental health; failure to pursue a recommendation for a reduction in his sentence based upon his alleged assistance to the government; failure to recognize and pursue a constitutional challenge to his consecutive sentences for offenses arising out of the same conduct; and failure to recognize and pursue a constitutional challenge to the mandatory minimum sentences for his conviction.

### A. Review of the Record

On May 4, 2004, a federal grand jury returned a two count indictment charging petitioner

with possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924, and carrying a firearm during and in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). United States v. Howard, Docket Entry No. 3:04-00076, Criminal Docket Entry No. 10).[1]

On March 22, 2005, Movant entered a guilty plea to both counts pursuant to a written plea agreement under Fed. R. Crim. P. 1 1(c)(l)(C). (Criminal Docket Entry No. 47).[2] Movant's plea agreement provided in pertinent part -

> 11. For purposes of determining the U.S.S.G. recommended sentencing range, the United States and the defendant agree on the following points:
> a. Offense Level Calculations.
>
> I. The offense level for Count One is 33, pursuant to U.S.S.G. § 4B 1.4(b)(3)(B), because the defendant is an Armed Career Criminal pursuant to 18 U.S.C. 5 924(e). Specifically the defendant has three prior felony convictions for violent felonies, to-include: Aggravated Rape, Rape and Third Degree Burglary that qualify him for enhanced punishment as an Armed Career Criminal.
>
> ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G.§ 3E1.1(a). No additional reduction under U.S.S.G. § 3E1.1(b) for timely notice of the defendant's intention to enter a guilty plea is warranted and will not be applied.
>
> iii. As to Count Two, pursuant to U.S.S.G. § 2K2.4@), the defendant's sentence is five (5) years or sixty (60) months, the

---

[1] See Motion to Supplement the Record, Civil Docket Entry No. # 29. Docket entries from the criminal case will be designated "Criminal Docket Entry No. ____ " and docket entries from the instant case will be designated "Civil Docket Entry No. ____."

[2] Assistant Federal Public Defender Jude Lenahan was initially appointed to represent petitioner, but later was allowed to withdraw. (Criminal Docket Entry No. 24, 26). On November 23, 2004, attorney Dwight E. Scott entered his appearance as counsel for Movant. (Criminal Docket Entry Nos. 30, 31).

2

minimum term of imprisonment required by statute, consecutive to the sentence imposed in Count One.

**b. Criminal History Category.** Based upon the information now known to the government (including representations by the defense), the defendant has the following relevant criminal history establishing his status as an Armed Career Criminal:

    I. Burglary - 3rdDegree, Case No. C7497, Criminal Court for Davidson County, Tennessee, sentence of 3-3 years imprisonment, May 1981.

    ii. Rape, Case No. IF-471 17, Criminal Court for Davidson County, Tennessee, sentence of 5 years imprisonment, May 1981.

    iii. Aggravated Rape, Case No. 86-W-292, Criminal Court for Davidson County, Tennessee, sentence of 20 years imprisonment, June 1986.

Based on the facts known to the government and stipulated by the parties, the parties agree that the defendant's Criminal History Category is no lower than Category 1V and no greater than Category

v.

**c. Sentencing Range:** The parties agree to the following Guidelines
calculations related to the defendant's total of incarceration.

    I. Based on an adjusted Offense Level of 31 and a Criminal History Category of IV, the applicable sentencing range is 180-188 months imprisonment on Count One. Based on an adjusted Offense Level of 31 and a Criminal History Category of V, the applicable sentencing range is 180-210 months imprisonment on Count Two.

    ii. The parties additionally agree to a sentence of 60 months on Count Two. to run consecutive to the sentence in Count One.

### Agreements Relating to Sentencing

12. This Plea Agreement is government, in part, by Federal Rule of Criminal Procedure 1 1(c)(l)(C). ***That is, the parties have agreed that the sentence imposed by the Court shall include a term of***

> *imprisonment in Count of 180 months and in Count Two to a term of Imprisonment of 60 months, consecutive to the sentence in Count One. The patties therefore agree that the defendant will receive a total of 240 months in the custody of the Bureau of Prisons.* Other than the agreed term of incarceration, the parties have agreed that the Court remains free to impose the sentence it deems appropriate. If the Court accepts and imposes the agreed term of incarceration set forth, the defendant may not withdraw his plea as a matter of right under Federal Rule of Criminal Procedure 1 l(d). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement.

(Criminal Docket Entry No. 57: Plea Agreement at 9-10) (emphasis added),

At the guilty plea hearing, the Court reviewed the terms of his plea agreement with Movant, who acknowledged his understanding that, as part of his negotiated agreement, he would receive a sentence of 180 months on Count One and 60 months consecutive on Count Two for a total sentence of 240 months imprisonment. (Plea Transcript at pp. 12-1 4). Movant who has ample experience with the criminal justice system, advised the Court that he had reviewed the plea agreement in detail with his counsel and that he understood its terms and conditions. (Plea Transcript at pp. 16-17). Based upon Movant's statement that he had full benefit of his counsel, the Court concludes that Movant made an informed and voluntary decision to plead guilty.

During the plea colloquy, the Court had the following colloquy with Movant on the advice of his counsel:

> COURT: You are represented here by Mr. Scott. Are you satisfied how Mr. Scott has represented you?
>
> DEFT: Yes, I'm satisfied with the Mr. Scott and his

4

investigator. They did a great job for me. I appreciate it. Both of them.

COURT: Okay. Has Mr. Scott done anything you didn't want him to do?

DEFT: No, sir.

COURT: Has he violated your instructions in any way?

DEFT: No. sir.

COURT: Has he gone over with you what the charges are?

DEFT: Yes, sir.

COURT: Has he told you what the maximum penalties are?

DEFT: Yes, sir.

COURT: Has he told you what he has discovered the government's case against you would be if this case went to trial?

DEFT: Yes, sir.

COURT: Have you disclosed to him all of the information you have concerning these matters?

DEFT: Yes, sir.

COURT: So these decision you have made to waive your rights and to plead guilty - are they your own decisions?

DEFT: Yes, sir.

COURT: Have you had the full benefit of your lawyer's advice?

DEFT: Yes, sir.

(Docket Entry No. 62, Plea Transcript at pp. 19-20). The Court reserved final acceptance of the

plea pending its receipt and review of the presentence report. (Criminal Docket Entry No. 47, Plea Transcript at pp. 25-27).

On October 3 1,2005, at the sentencing hearing, neither party objected to the presentence investigation report (PSR), nor the recommended guideline that was the same as the calculations in the Movant's plea agreement. (Criminal Docket Entry Nos. 53 and 55). The Court accepted the parties' plea agreement and the findings contained in the PSR. The Court determined that Movant was subject to the sentencing provisions of the Armed Career Criminal Act (ACCA), 18 U.S.C. $ 924(e), and sentenced him to a mandatory minimum term of 180 months imprisonment as to Count One, which charged a violation of 18 U.S.C. § 922(g)(l). The Court also sentenced the Movant to a mandatory minimum term of 60 months imprisonment on Count Two, for his violation of 18 U.S.C. 924(c). The Court ordered that the sentences run consecutively, as required by statute. The Court also imposed a five year period of supervised release. (Docket Entry No. 8: Judgment in a Criminal Case). Movant and the government waived their rights to appeal his conviction and sentence as part of the plea agreement. Movant did not file a direct appeal of his conviction. On October 30, 2006, Movant filed this action.

### B. Conclusions of Law

A petitioner who moves to vacate, correct, or set aside his conviction under 28 U.S.C. § 2255. Section 2255 must prove a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Farley, 512 U.S. 339,353 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996). On a Section 2255 motion, the Court is to consider the "files, records, transcripts and correspondence relating to the judgment under attack." Rule 4(b), *Rules Governing Section 2255 Proceedings for the United States District Courts*. If the presiding

judge also conducted the underlying trial, that judge may rely on his recollection of those proceedings. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively establishes that a petitioner is not entitled to relief under Section 2255 standards. Rule 8, *Rules Governing Section 2255 Proceedings for the United States District Courts;* Arrendondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). An evidentiary hearing is also not required if, "petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of *fact.*"'*Arrendondo,* 178 F.3d at 782, (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The petitioner bears the burden of establishing his claim of ineffective assistance of counsel beyond a preponderance of the evidence. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate:

> First, . . . that counsel's performance was deficient. This requires showing that counsel made errors so s guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair
> trial. a trial whose result is reliable.

Id. at 687.

The standard for reviewing an attorney's performance is that of a reasonably effective counsel considering all of the circumstances. Id. at 688. Accordingly, "[j]udicial scrutiny of counsel's performance must be highly deferential," for "it is all too easy for a court, examining counsel's [performance] . . . after it has proved unsuccessful, to conclude that a particular act or mission of counsel was unreasonable." Id. at 689. The "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

7

assistance." Id. This is particularly true for tactical or strategic decisions. Id. at 690. To prove prejudice, defendant "must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." Ross v. United States, 339 F.3d 483,492 (6th Cir. 2003); see also Olden v. United States, 224 F.3d 561, 565 (6th Cir. 2000).

To establish that his counsel's performance was deficient under Strickland, a movant "must identify acts that were 'outside the wide range of professionally competent assistance.'" Smith v. United States, 348 F.3d 545,551 (6th Cir. 2003) (quoting Strickland, 466 U.S. at 690). In evaluating whether a Movant's counsel satisfied the Sixth Amendment standards, "[i]t will generally be appropriate for a reviewing court to assess counsel's overall performance throughout the case in order to determine whether the 'identified acts or omissions' overcome the presumption that a counsel rendered reasonable professional assistance." Kimmelman v. Morrison, 477 U.S. 365, 386 (1986), (quoting Strickland, 466 U.S. at 690).

Counsel's failure to pursue frivolous issues is not ground for relief. United States v. Carter, 355 F.3d 920,924 (6th Cir. 2004). A claim of ineffective assistance of counsel requires a showing that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Dando v. Yukins, 461 F.3d 79 1,798 (6th Cir. 2006) (quoting Hill v. Lockhart, 474 U.S. 52,59 (1985). In such instances, an assessment of prejudice must include a "prediction of the likely outcome at trial." Id. Where, as here, the issue is counsel's failure to explore affirmative defenses or undiscovered evidence, "this prediction of the likely outcome at trial is relevant to determine whether. . . the potential defense or evidence would have caused counsel to change the recommendation regarding the plea." Id.

Here, Movant contends that defense counsel was ineffective for his failure to pursue

8

constitutional challenges to the sentencing scheme under which he was prosecuted and convicted. Movant first contends that his prosecution and conviction under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) violated the separation of powers because the mandatory minimum sentencing scheme deprived the Court of its sentencing discretion. Yet,"the scope of judicial discretion with respect to a sentence is subject to congressional control." Mistretta v. United States, 488 U.S. 361,364 (1989); United States v. Dumas, 934 F.2d 1387, 1389 (6h Cir. 1991). In a word, Congress can eliminate all discretion in sentencing judges by establishing mandatory sentences like those imposed by 924(c). Id. ("Congress ... has the power to fix a sentence for a federal crime.").

More specifically, "Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion so long as such constraints have a rational basis." United States v. Huerta, 878 F.2d 89,94 (2d Cir. 1989) (citations omitted). See United States v. Walker, 473 F.3d 71,75-76 (3d Cir. 2007) (mandatory consecutive sentencing scheme for use of firearm during crime of violence does not violate separation of powers because Congress possessed the power to define criminal punishments that do not give the court discretion in sentencing); United States v. Curtis, 344 F.3d 1057, 1064-65 (10th Cir. 2003) (federal prosecutor's discretion to file federal robbery charges and using a gun during a crime of violence did not violate separation of powers, given that the standard of proof beyond a reasonable doubt remained before mandatory sentencing); see also, United States v. Vargas, 204 Fed. Appx. 92,93-94 (2d Cir. 2006) (imposition of statutory mandatory minimum sentence for conviction for conspiracy to distribute heroin did not violate separation of powers); United States v. Lowry, 175 Fed. Appx. 134, 136 (9th Cir. 2006) (mandatory minimum sentencing provisions

9

v. Lowry, 175 Fed. Appx. 134, 136 (9th Cir. 2006) (mandatory minimum sentencing provisions of the Armed Career Criminal Act did not violate separation of powers). This claim lacks merit.

Movant's second contention is that his prosecution and conviction under 18 U.S.C. § 922(g)(l) and 18 U.S.C. § 924(c) and the mandatory minimum scheme thereunder violated the Due Process Clause of the Fifth Amendment. As a matter of law, this claim lacks merit. See United States v. Gardner, 931 F.2d 1097, 1099(6th Cir. 1991) (rejecting claim that mandatory minimum sentences violate due process). See also, United States v. Rice, 1995 WL 541647 (6th Cir. 1995) (finding that 10-year mandatory minimum sentence required by 924(c)(l) did not violate due process).

Movant's next contention is that his prosecution and conviction under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(c) and the mandatory minimum scheme thereunder violated the Eighth Amendment's prohibition against cruel and unusual punishment. This claim also lacks merit as a matter of law. United States v. Warren, 973 F.2d 1304, 1311 (6th Cir. 1992) (application of Armed Career Criminal Act does not constitute cruel and unusual punishment even though defendant would have received much shorter sentence, but for the ACCA).

Movant's next challenge is for his counsel's failure to challenge the classification of his prior third degree burglary conviction as a predicate violent felony under the Armed Career Criminal Act. In his supporting memorandum, Movant concedes that his Tennessee conviction for third degree burglary has been held to be a violent felony under the ACCA. In United States v. Caruthers, 458 F.3d 459, 474-76 (6th Cir. 2006), the Sixth Circuit ruled that a defendant's third degree burglary conviction qualified as a violent felony within the meaning of the ACCA. In Caurthers, the Court examined the relevant statutory language of Tennessee's pre-November1989

upon which Caruthers' conviction was based. The Court concluded that Caruthers' conviction offense, as Movant's conviction included the basic elements of generic burglary - unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime - that is a violent felony under the ACCA. Id. at 474-76. See also Taylor v. United States, 495 U.S. 575, 599 (1990). Given the Sixth Circuit's ruling, this claim cannot establish any prejudice and lacks merit as a matter of law.

As to defense counsel failure to investigate petitioner's mental health issues and mitigating evidence for plea negotiations and the ultimate sentencing determination. Movant cites his "documented history of mental health issues which include[s] prolonged incarceration in a mental health facility and 'psychotropic' drug treatment." (Civil Docket Entry No. 1, Motion to Vacate at p. 4). The United States moved the Court to unseal documents on the docket of this case to determine whether those documents might bear any relevance to petitioner's claim of diminished mental capacity. (Civil Docket Entry No. 18). The Court granted the motion (Civil Docket Entry No. 20), but it was discovered that these documents do not substantiate this claim.

At the plea hearing, the Court asked Movant whether he had ever been treated for his mental or emotional health, petitioner responded, "No, sir." (Docket Entry No. 62: PTR at 6). Movant's presentence report (PSR) paragraph 56 reflects that "defendant reported no history of mental illness or treatment." PSR at 16, ¶ 56).[3] Absent some proof, this bare allegation entirely cannot satisfy the prejudice component of the Strickland inquiry. Ross, 339 F.3d at 494. This claim is without merit and should he denied.

Petitioner next contends that defense counsel was ineffective for failing to inform him

---

[3] A copy of the PSR is filed herewith under seal.

that he was personally contacted by prior counsel and asked to represent Movant and that such a failure constitutes a conflict of interest. Movant asserts that a few days before his guilty plea, his counsel informed him that, Assistant Federal Public Defender Jude Lenahan personally contacted Scott and asked Scott to represent Movant. Movant asserts that, if he were aware of this conversation, he would have objected to Scott's representation as raising the possibility of conflict of interest an inflicting stress. (Civil Docket Entry No. 1, Motion to Vacate at p. 4). Given this Court's approval of the substitution of counsel and Movant's statements of satisfaction with his substitute counsel, the Court cannot discern a basis for relief on this contention.

As to his claim that defense counsel failed to pursue sufficiently, sentence reduction for his substantial assistance to the government (Civil Docket Entry No. 9, Amended Motion), Movant fails to cite or allege any challenges the existence of such cooperation. In any event, such a motion is solely within the discretion of the government. The government's refusal to file such a motion is not subject to judicial review about substantial proof that the government's decision was based upon unconstitutional motive. See Wade v. United States, 504 U.S. 181, 185-86 (1992). Absent such specific factual allegations, the Court concludes that the claim is not ground for relief.

For the above reasons, the Court concludes that the motion to vacate (Docket Entry No. 9) should be denied and this action is dismissed.

An appropriate Order is filed herewith.

**ENTERED** this the ___18th___ day of January. 2009.

WILLIAM J. HAYNES, JR.
United States District Judge